# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DKG ENTERPRISES, INC., an Oklahoma corporation d/b/a NORTH POLE CITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-13-967-M |
| (1) HALLMARK CARDS, INC., a Missouri corporation; (2) HALLMARK LICENSING, LLC, a Kansas limited liability company, | ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, DKG Enterprises, Inc. d/b/a North Pole City, and for its action against Defendants, Hallmark Cards, Inc. and Hallmark Licensing, LLC ("Defendants"), alleges and states as follows:

## PARTIES

1. Plaintiff, DKG Enterprises, Inc. ("Plaintiff" or "North Pole City"), is a corporation existing under the laws of the State of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma. Plaintiff operates under the registered trade name "North Pole City."

2. Defendant, Hallmark Cards, Inc., is a corporation existing under the laws of the State of Missouri, with its principal place of business in Kansas City, Missouri.

3.  Defendant, Hallmark Licensing, LLC, is a limited liability company existing under the laws of the State of Kansas, with its principal place of business in Kansas City, Missouri.

## JURISDICTION AND VENUE

4.  Upon information and belief, Defendants conduct business, sell and/or license products throughout the United States, including the State of Oklahoma and this judicial district.

5.  Jurisdiction exists in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338.

6.  The claims set forth below occurred in Oklahoma County, Oklahoma and, thus, venue is proper pursuant to 28 U.S.C. § 1391.

## GENERAL STATEMENT OF FACTS

7.  North Pole City engaged in the business of selling holiday merchandise to the public since the early 1990's, and since that time has been one of the largest Christmas collectibles stores in the United States.

8.  North Pole City has continuously utilized the trademark and/or trade name "North Pole City," "North Pole City Gifts & Collectibles" and "NPC."

9.  North Pole City has operated the website www.northpolecity.com since 1995, through which it markets and sells holiday merchandise within the United States and beyond.

10. Plaintiff registered its "North Pole City" and "North Pole City Gifts & Collectibles" trade names with the Oklahoma Secretary of State on February 5, 1997.

11. Without North Pole City's permission, Defendants have indicated their intent to launch products and franchise development for Holiday 2014 around a fictional city called "North Pole City."

12. Defendants have also sought trademarks for "North Pole City."

13. As a result, there will be a likelihood of confusion in the marketplace with regard to consumers believing that products offered by Defendants are offered by, or otherwise associated with, Plaintiff in violation of the Laws of the United States, the State of Oklahoma, and the Common Law.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

North Pole City adopts and realleges every paragraph above as if set forth verbatim herein.

14. An action of justiciable controversy exists as to whether Defendants are entitled to use Plaintiff's trademark and/or trade name of "North Pole City" in various characters, buildings or other elements that will appear in the stories, products and merchandising offered by Defendants and their licensees.

15. The matter presented for declaration by the Court deals with a present or ascertainable state of facts with regard to the use of the "North Pole City" trademark and/or trade name.

16. North Pole City and Defendants have an actual present adverse antagonistic interest in the subject matter of these proceedings and all parties with the antagonistic interests in connection with the dispute are before this Court such that the relief sought is

not merely the Court giving legal advice or answering a question propounded from curiosity.

17. North Pole City is entitled to a declaratory judgment that Defendants do not have authority to use the "North Pole City" trademark and/or trade name.

## SECOND CLAIM FOR RELIEF
(Trademark and/or Trade Name Infringement)

North Pole City adopts and realleges every paragraph above as if set forth verbatim herein.

18. North Pole City has continuously marketed its holiday products under the trademark and/or trade names of "North Pole City," "North Pole City Gifts & Collectibles" and "NPC" since the early 1990's.

19. North Pole City has learned that Defendants have started to manufacture or cause to be manufactured, marketed, sold and/or licensed holiday products bearing mark and/or trade name of "North Pole City." The mark and/or trade name utilized by Defendants is substantially and confusingly similar to Plaintiff's "North Pole City."

20. The use of the confusingly similar mark and/or trade name by Defendants has caused or will cause the purchasers of holiday products to be confused as to the source of the products of the respective parties.

21. Defendants' products are being distributed in this judicial district.

22. By virtue of Defendants' conduct, there is a likelihood of confusion between the products of North Pole City and Defendants. Defendants' conduct constitutes

an infringement of Plaintiff's mark and/or trade name under the Lanham Act, which has damaged or will damage North Pole City.

23. The unauthorized and infringing use by Defendants of the disputed mark and/or trade name will, unless enjoined, also cause irreparable harm, damage and injury to Plaintiff's goodwill in its mark and/or trade name.

24. North Pole City has been, and will continue to be, irreparably harmed, damaged and injured as a result of Defendants' infringement of Plaintiff's trademark and/or trade name in excess of $75,000, in an amount to be determined at trial. In addition, Defendants have unlawfully and wrongfully derived, and will continue to derive, income and profits from their infringing acts.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition)

North Pole City adopts and realleges every paragraph above as if set forth verbatim herein.

25. Defendants, by virtue of the fact that they have started to manufacture or cause to be manufactured, marketed, sold and/or licensed products infringing upon Plaintiff's trademark and/or trade name, and have engaged, and continue to engage, in unfair competition against Plaintiff.

26. Such conduct includes, without limitation, wrongful designation as to the source, sponsorship and origin of goods, wrongful deprivation of Plaintiff's good name and reputation, and wrongful deprivation of Plaintiff's right to public recognition and credit as to the true source of the holiday products.

27. Defendants have started to manufacture or cause to be manufactured, marketed, sold and/or licensed holiday products under the disputed mark and/or trade name, resulting in consumer confusion as to the source of the products. Such conduct constitutes an unfair trade practice and unfair competition under the Lanham Act, under state law and common law.

28. Defendants have been unjustly enriched through unfair competition and have caused Plaintiff actual damages. Defendants continue to unfairly compete with Plaintiff and, therefore, Plaintiff is entitled to actual and punitive damages in excess of $75,000, in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
**(Deceptive Trade Practices)**

North Pole City adopts and realleges every paragraph above as if set forth verbatim herein.

29. Defendants have willfully engaged in these trade practices knowing them to be false, misleading, and deceptive. Defendants have intended to injure and have injured Plaintiff (their competitor).

30. The acts of Defendants, as alleged herein, constitute a violation of the Oklahoma Deceptive Trade Practices Act (78 O.S. §§ 51 *et seq.*).

31. These wrongful acts have caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of their goodwill, confusion of existing and potential customers, injury to their reputation, and diminution of the value of

their products and services. Accordingly, Plaintiff is entitled to actual and punitive damages in excess of $75,000, in an amount to be determined at trial.

32. The harm these wrongful acts will cause Plaintiff is both imminent and irreparable. Thus, Plaintiff is also entitled to an injunction restraining Defendants from engaging in further such unlawful conduct.

**FIFTH CLAIM FOR RELIEF**
**(Injunctive Relief)**

North Pole City adopts and realleges every paragraph above as if set forth verbatim herein.

33. North Pole City has suffered and continues to suffer irreparable harm as a result of Defendants' ongoing course of conduct.

34. Defendants should be enjoined and restrained through preliminary and permanent injunctive relief from infringing on and contributing to or inducing the infringement of the "North Pole City" trademark and/or trade name.

**SIXTH CLAIM FOR RELIEF**
**(Equitable Accounting)**

North Pole City adopts and realleges every paragraph above as if set forth verbatim herein.

35. North Pole City is entitled to have a special master appointed to conduct an equitable accounting from the Defendants for any and all sales and/or profits derived by Defendants from said actions, infringement and Defendants' other unlawful acts related to Defendants' use of the "North Pole City" trademark and/or trade name.

## COMBINED PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

a. That Defendants, their officers, directors, employees, licensees and all other acting under their direction and control be enjoined and restrained through preliminary and permanent injunctive relief from infringing on and contributing to or inducing the infringement of the "North Pole City" trademark and/or trade name.

b. That the Plaintiff be granted an equitable accounting from the Defendants for any and all sales and/or profits derived by Defendants from said actions, infringement and Defendants' other unlawful acts. Such actions should include the appointment of a Special Master, if necessary.

c. That Defendants be required to compensate Plaintiff for all damages, including actual and compensatory damages, lost profits, loss of business reputation, costs in bringing this action, costs of corrective advertising, together with interest and costs, suffered by Plaintiff as a result of said infringement and Defendants' other unlawful acts, said damages to be trebled (where appropriate) as a consequence of Defendants' willful infringement.

d. That the Court order that all products, printed materials, signage, packaging, and other infringing articles in Defendants' possession be delivered and/or destroyed.

e. That, because this is an exceptional case and to the extent applicable, Plaintiff be awarded its reasonable attorney fees, expenses and costs in this action.

f. That Plaintiff be awarded punitive damages in such amount to punish Defendants and deter such conduct in the future.

g. That Plaintiff be awarded such other and further relief to which it may be entitled, whether at law or in equity, including under the Lanham Act, state law and the common law.

 *s/ Mark K. Stonecipher* 
Mark K. Stonecipher, OBA No. 10483
Brent M. Johnson, OBA No. 17070
FELLERS, SNIDER, BLANKENSHIP,
 BAILEY & TIPPENS, P.C.
100 N. Broadway Avenue, Suite 1700
Oklahoma City, OK  73102-8820
Telephone:    (405) 232-0621
Facsimile:     (405) 232-9659
Email:          mstonecipher@fellerssnider.com
                    Bjohnson@fellerssnider.com
**ATTORNEYS FOR PLAINTIFF**

626594:46950